UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-23262

MARGITH MACEDA GONZALEZ,

　　Plaintiff,

vs.

RADIATION SHIELD TECHNOLOGIES, INC.,

　　Defendant.
_____/

## **COMPLAINT**

　　Plaintiff, Margith Maceda Gonzalez, sues Defendant, Radiation Shield Technologies, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

　　1.　**Plaintiff, Margith Maceda Gonzalez**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

　　2.　Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

　　3.　Plaintiff was a non-exempt employee of Defendant.

　　4.　Plaintiff consents to participate in this lawsuit.

　　5.　**Defendant, Radiation Shield Technologies, Inc.,** is a *sui juris* Florida for-profit corporation that conducted its for profit manufacturing business in Miami-Dade County, Florida, at all times material, where it maintained its principal place of business.

　　6.　Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal places of business in this

1

District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

7. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Common Background Facts*

8. Plaintiff worked for Defendant from about January 6, 2020 to June 30, 2020. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

9. Defendant agreed to pay Plaintiff at a rate of $10.00/hour for each hour worked.

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### **COUNT I – FLSA OVERTIME VIOLATION(S)**

Plaintiff, Margith Maceda Gonzalez, reincorporates all preceding paragraphs as though set forth fully herein and further alleges as follows:

12. Defendant was Plaintiff's employer purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

13. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

14. Defendant has been at all times material engaged in interstate commerce in the

2

course of its research, design and production of personal protection systems for ionizing and nuclear radiation which, traditionally, cannot be performed without using computers, monitors, computer networking equipment, polymers, sewing machines, textiles, phones, goods, materials, supplies, and equipment that have all moved through interstate commerce.

15. Defendant regularly and routinely sells (and ships) the personal protective systems that it manufactures to customers located outside of the State of Florida, including through its e-commerce page on its website: https://radshield.com/products/.

16. Defendant also engages in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

17. Furthermore, Defendant obtains, solicits, exchanges and sends funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

18. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 and/or in excess of $125,000.00 for each fiscal quarter during the relevant time period.

19. During this time, Plaintiff regularly and routinely utilized sewing machines, needles, threads, materials, and other goods and supplies that moved through interstate commerce in the course of her sewing products for sale by Defendant.

20. Plaintiff would regularly and routinely work more than 40 hours per week for Defendant.

21. Defendant failed and refused to pay Plaintiff overtime wages calculated at time

and one-half times her regular hourly rate(s) of pay for all of the hours that she worked over 40 hours in a given workweek.

22. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period without paying her overtime wages for all of the overtime hours she worked.

23. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay she earned.

24. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Margith Maceda Gonzalez, demands the entry of a judgment in her favor and against Defendant, Radiation Shield Technologies, Inc., and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

  e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

  g. Such other and further relief as the Court deems just and proper.

## **COUNT II – RETALATORY DISCHARGE IN VIOLATION OF THE FLSA**

Plaintiff, Margith Maceda Gonzalez, reincorporates paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

25. Defendant was Plaintiff's employer purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

26. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered by the Fair Labor Standards Act.

27. Defendant has been at all times material engaged in interstate commerce in the course of its research, design and production of personal protection systems for ionizing and nuclear radiation which, traditionally, cannot be performed without using computers, monitors, computer networking equipment, polymers, sewing machines, textiles, phones, goods, materials, supplies, and equipment that have all moved through interstate commerce.

28. Defendant regularly and routinely sells (and ships) the personal protective systems that it manufactures to customers located outside of the State of Florida, including through its e-commerce page on its website: https://radshield.com/products/.

29. Defendant also engages in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

30. Furthermore, Defendant obtains, solicits, exchanges and sends funds to and from outside of the State of Florida, regularly and recurrently uses telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of its business.

31. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 and/or in excess of $125,000.00 for each fiscal quarter during the relevant time period.

32. During this time, Plaintiff regularly and routinely utilized sewing machines, needles, threads, materials, and other goods and supplies that moved through interstate commerce in the course of her sewing products for sale by Defendant.

33. Plaintiff had an exemplary employment history with Defendant.

34. Plaintiff then objected and/or complained to Defendant about its failure to pay her overtime pay calculated at one and one-half times her regular rate of pay for all of the hours that she was working beyond 40 hours in a workweek.

35. Plaintiff complained to Defendant that it was actually violating her FLSA rights by failing to pay her the overtime wages that she earned.

36. Within a short time thereafter, Defendant retaliated against Plaintiff by terminating her employment as a result of her objection(s)/complaint(s) about not being paid overtime wages for all of the overtime that she worked.

37. Section 215(a)(3) of 29 U.S.C. makes it unlawful for an employer to retaliate

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

against an employee who seeks to enforce her rights under the FLSA.

38. Defendant violated 29 U.S.C. §215(a)(3) of the FLSA and showed reckless disregard for the provisions of the FLSA concerning retaliation by taking adverse actions against Plaintiff because she objected/complained about not receiving overtime pay for all of the overtime hours that she worked.

39. Plaintiff suffered the loss of her job, his income, his identity, and suffered emotionally losses as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Margith Maceda Gonzalez, demands the entry of a judgment in his favor and against Defendant, Radiation Shield Technologies, Inc., after trial by jury, and as follows:

   a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

   c. That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

   d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   e. That Plaintiff recover all interest allowed by law; and

   f. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **COUNT III – VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT**

Plaintiff, Margith Maceda Gonzalez, reincorporates paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

40. Plaintiff had an exemplary employment history with Defendant.

41. Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, and so Plaintiff was an employee of Defendant at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

42. Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

43. Plaintiff complained to Defendant about her reasonable and good faith belief that it was actually violating her FLSA rights by failing to pay her the overtime wages that she earned.

44. Within a short time thereafter, Defendant retaliated against Plaintiff by terminating her employment as a result of her objection(s)/complaint(s) about not being paid overtime wages for all of the overtime that she worked.

45. Defendant actually violated the FLSA by failing to pay Plaintiff for all of the overtime hours that she worked.

46. Defendant, however, was and continues to seek applicants for hire for the position previously occupied by Plaintiff. (https://radshield.com/careers/)

47. The FLSA is a "law, rule, or regulation" as the term is defined by Fla. Stat. §448.101(4) ("includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance applicable to the employer and pertaining to the business.")

48. Plaintiff then objected and/or complained to Defendant about its failure to pay her overtime pay calculated at one and one-half times her regular rate of pay for all of the hours that he was working beyond 40 hours in a workweek.

49. Defendant disregarded the law and retaliated against Plaintiff shortly after she objected/complained about not receiving overtime pay for all of the overtime hours she worked.

50. By initiating adverse employment actions against Plaintiff as aforesaid, Defendant violated the Florida Whistleblower Act.

51. Plaintiff was damaged and suffered a loss of her job, seniority rights, wages, and other remuneration as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE Plaintiff, Margith Maceda Gonzalez, demands the entry of a judgment against Defendant, Radiation Shield Technologies, Inc., after trial by jury for compensatory damages including her lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Margith Maceda Gonzalez, demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of August 2020,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 North Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> *Counsel for Plaintiff*